Edwin S. McNeal *vs.* Joseph Leonard & another.

A forfeiture for usury must be ascertained judicially upon an issue between the parties,
before it can be applied to the reduction of the debt so as to affect the title of the lender
to property held by him for collateral security.

Hoar, J. This is an action of replevin, in which the defend-
ants rely upon the title of one Shannon as mortgagee of the
goods replevied. The plaintiff's title is a bill of sale from the
assignee in insolvency of the mortgagor. The mortgage debt
has not been paid; but the plaintiff offered to show that the
mortgage was given upon a usurious consideration, and that,
if threefold the usurious interest reserved or taken were to be
deducted from the mortgage debt, it would be wholly satisfied
and extinguished; and thereupon claims the right to treat the
debt as if it were paid, and to take and retain possession of
the mortgaged property.

The case is not free from difficulty upon the question whether
the plaintiff has the same right to avail himself of the objec-
tion of usury in the contract, which the mortgagor or his assignee
in insolvency would have had, if they were parties to the action.
But we have no occasion to decide that question, because, upon
another ground, we are all of opinion that the action cannot be
maintained, and that the verdict ordered for the defendants
must stand.

By Rev. Sts. *c.* 35, §§ 2, 3, a contract or assurance for the pay-
ment of money, with interest at a greater rate than is allowed

McNeal *v.* Leonard & another.

by law, is not thereby rendered void; but the borrower has a remedy, if a suit is brought to enforce the contract, by making the deduction of the forfeiture which the law imposes upon the plaintiff; or by a suit for the penalty, if the usurious interest has been actually paid. In either case, we think it clear that the benefit to be derived from the exaction of the forfeiture can only be obtained upon a judicial decision that the forfeiture has been incurred, upon a trial in which the usury is directly in issue between the parties; and that the borrower cannot avail himself of it collaterally, or by his own act *in pais*, before such a decision has been had. The right to deduct the forfeiture in a suit brought to enforce the contract is by no means equivalent to a payment of the debt *pro tanto.*

The recent case of *Hart* v. *Goldsmith, ante*, 145, decided nothing more than that, in a bill in equity brought to restrain the sale by the mortgagee of the mortgaged estate, it was competent for the mortgagor to rely upon usury in the contract, to reduce the sum payable in order to redeem. It gives no countenance to the idea that the debtor could himself make the appropriation of the penalty towards the extinguishment of the debt. The contract being valid, the title of the creditor to the collateral security which he holds is perfect, until, upon an issue between the parties, the fact and amount of usury are ascertained, and a judgment authorizing the application of the sum prescribed by the statute to the reduction of the debt has been rendered.

The result would therefore have been the same, if the assignee in insolvency of the mortgagor had retained the title, and were the plaintiff in this suit.

*Judgment for the defendant on the verdict.*

*B. Dean,* for the plaintiff.

*J. W. Emerson,* for the defendants.